UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

STEPHANIE BETHEA,

            Plaintiff,         08 Civ. 2789

   -against-                   OPINION

JOHN E. POTTER, POSTMASTER
GENERAL, NEW YORK METRO AREA
U.S. POSTAL SERVICE AND
MS. CLARICE TORRENCE,

            Defendants.

------------------------------------X

A P P E A R A N C E S:

        Pro Se

        STEPHANIE BETHEA
        258 West 117th Street, #41-E
        New York, NY  10026


        Attorneys for Defendant
        Postmaster General John E. Potter

        UNITED STATES ATTORNEY'S OFFICE
        86 Chambers Street, 3rd Floor
        New York, NY  10007
        By:  Michael J. Garcia, Esq.

        Attorneys for Defendant
        Ms. Clarice Torrence

        CARY KANE LLP
        1350 Broadway, Suite 815
        New York, NY  10018
        By:  Larry Cary, Esq.
             Rachel S. Paster, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/18/09

**Sweet, D.J.**

Defendant Clarice Torrence ("Torrence" or the "Union Defendant") has moved to dismiss the complaint of plaintiff Stephanie Bethea pro se ("Bethea" or the "Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon the conclusions set forth below, the motion is granted, and the complaint against Torrence is dismissed.

**I.    PRIOR PROCEEDINGS**

On March 14, 2008, this Court granted Bethea leave to proceed in forma pauperis, and on March 17, 2008, she filed her complaint (the "Complaint") asserting a claim for discrimination under the Americans with Disabilities Act of 1990 ("ADA") against Torrence, president of the New York Metro Area Postal Workers Union (the "Union"), and Postmaster General John E. Potter. On April 21, 2008, the Summons and Complaint were mailed to Torrence at the Union. The process was mailed to the wrong address, however, and Torrence never received the Summons and Complaint. On September 15, 2008, Plaintiff moved for default judgment as to Torrence. Torrence contested the motion on the ground

1

that she had never been served with the Summons and Complaint. By Order dated November 12, 2008, the Court denied Plaintiff's motion for default judgment and granted Bethea an additional 30 days to effect service on Torrence. On or about December 10, 2008, the Summons and Complaint were served upon Torrence at the Union's office by certified mail.

The instant motion was marked fully submitted on January 28, 2009.

## II.  FACTUAL ALLEGATIONS

In the "Statement of Claim" section of the form complaint provided by the Court, Bethea described the discriminatory conduct alleged as "[f]ailure to accommodate my disability," "[u]nequal terms and conditions of my employment," "[r]etaliation," and "[a]cts of harassment and creation of hostile work environment." The Complaint further alleges that defendant(s) discriminated against her based upon her "disability or perceived disability," specifically her need for "psych meds."

The narrative section of the Complaint alleges that she "was removed from . . . employment of 21 years of service based s[o]le[l]y on an allegation of a coworker. I was fa[l]sely accused of threatening a coworker. The same coworker that I had previously on 11/21/02 notified Postal Inspector's[sic] and management and made a police report regarding her hostile approach and threat to me." The Complaint references an Equal Employment Opportunity Commission ("EEOC") charge filed October 5, 2006, as to which Bethea asserts she received a Notice of Right to Sue Letter on December 3, 2007.

Appended to the Complaint are over a hundred pages of documents, which appear to comprise the EEOC file concerning Bethea's charge, including Bethea's termination of employment, the processing of Bethea's grievance by the employer and the Union, and Bethea's application for state unemployment benefits. The EEOC charge was filed solely against defendant John E. Potter as Postmaster General of the United States Postal Service. Bethea does not allege that an EEOC charge was filed against either Torrence or the Union. Rather, Bethea alleges in her opposition to the instant motion that she was instructed by the EEO representative to file a claim against the Union with the

3

National Labor Relations Board, which she claims to have done twice in 2006.

The documents appended to the Complaint allege that on June 23, 2006, Bethea was issued an Emergency Placement on off-duty status by the United States Postal Service (the "Postal Service") related to an incident involving an alleged verbal threat. The Postal Service then requested that Bethea appear on June 27, 2006, for a pre-disciplinary interview. At the June 27 meeting, Bethea was instructed by the Postal Service to return to work. Bethea did not return to work, however, and on June 29, 2006, the Postal Service wrote to Plaintiff, stating that she would be deemed "Absent Without Official Leave," or AWOL, for each day that she was out of work. On August 10, 2006, Bethea was issued a Notice of Removal, which informed her that she would be terminated by the Postal Service as of September 30, 2006. The Notice of Removal catalogued numerous charges against Bethea, including habitual lateness, absence without official leave, and creating a hostile work environment for another Postal Service employee.

Also submitted to the Court as an attachment to Bethea's Application for the Court to Request Counsel, filed on December 10, 2008, is an arbitration decision, issued April 4, 2008, concerning both Bethea's Emergency Placement and Notice of Removal, wherein Bethea's grievance over the Emergency Placement is denied and her Notice of Removal is reduced to a 14-day suspension.

**III. DISCUSSION**

In addressing the present motion, the Court is mindful that Bethea is proceeding pro se and that her submissions are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Courts are instructed to "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (citation omitted); see also Lerman v. Bd. of Elections in City of New York, 232 F.3d 135, 139-40 (2d Cir. 2000) ("Since most pro se plaintiffs lack familiarity with the formalities of pleading requirements, we must construe pro se complaints liberally, applying a more flexible standard to evaluate

5

their sufficiency than we would when reviewing a complaint submitted by counsel."). However, the courts will not "excuse frivolous or vexatious filings by pro se litigants," Iwachiw v. State Dep't of Motor Vehicles, 396 F.3d 525, 529 n.1 (2d Cir. 2005), and "pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

### a. The 12(b)6 Standard

On a motion to dismiss pursuant to Rule 12, all factual allegations are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 235-36 (1974)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Roth v. Jennings, 489 F.3d 499, 510 (2d

6

Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007)).

### b. No Claim Has Been Alleged Against Torrence

Where a complaint "names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff," a court should grant defendant's motion to dismiss. McCoy v. Goord, 255 F. Supp. 2d 233, 258 (S.D.N.Y. 2003) (internal quotations and citation omitted); see Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (dismissing as "'fatally defective' on its face" complaint that fails to allege that certain defendants "were directly and personally responsible for the purported unlawful conduct").

Although Torrence is named as a defendant in this case, the Complaint, and the documents attached thereto, do not allege facts concerning involvement by Torrence in Bethea's employment dispute or any alleged discrimination that would give rise to any of the claims alleged. The attachments to the Complaint refer to the Union only in the context of a grievance having been filed on Bethea's

7

behalf.  No other Union conduct is discussed, nor does Bethea attribute any injury to Torrence or the Union. Accordingly, Bethea's claims against Torrence must be dismissed in their entirety.

### i. Bethea's Claim for Discrimination Must Be Dismissed

In light of Bethea's pro se status, the Court considers whether the Complaint, read liberally, could be construed as alleging a violation of the ADA against either Torrence or the Union.  Fatal to any such claim, however, is the fact that the record contains no evidence that Bethea filed a charge of discrimination against either Torrence or the Union with the EEOC.

"A[n ADA] plaintiff must file a charge of discrimination with the EEOC and obtain a right to sue letter from the EEOC before proceeding to federal district court."  Fiscina v. N.Y.C. Dist. Council of Carpenters, 401 F. Supp. 2d 345, 356 (S.D.N.Y. 2005); see also 42 U.S.C. § 12117(a) (incorporating by reference Title VII's enforcement scheme requiring exhaustion of all administrative remedies into ADA).  Any such charge must also name the defendant against whom a federal lawsuit is

Case 1:08-cv-02789-RWS   Document 47   Filed 06/18/09   Page 10 of 14

brought. Glozman v. Retail, Wholesale & Chain Store Food Employees Union, Local 338, 204 F. Supp. 2d 615, 630 (S.D.N.Y. 2002).

Bethea's EEOC charge was filed against her employer, the Postal Service, and does not name either Torrence or the Union. Therefore, any claim Bethea has raised pursuant to the ADA must be dismissed. See, e.g., Fiscina, 401 F. Supp. 2d at 356; Glozman, 204 F. Supp.2d at 630.

### ii. Bethea Has Not Asserted A Claim for Breach of the Duty of Fair Representation

While on its face the Complaint only raises a claim for discrimination pursuant to the ADA, Plaintiff has submitted papers in opposition to the instant motion that could be construed to allege a claim for breach of the duty of fair representation. Even if the Bethea's Complaint was so construed, however, she fails to state a claim upon which relief could be granted.[1]

---

[1] As an initial matter, Torrence contends that the Postal Reorganization Act, 39 U.S.C § 1208, which governs the instant action, prohibits Bethea from bringing a claim for breach of the duty of fair representation against Torrence, rather than the Union. 39 U.S.C § 1208(c) (providing that "any . . . judgment against a labor organization in a district court of the United States shall be

9

To establish a claim for breach of duty of fair representation, a plaintiff must allege that the union's conduct was "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967); see Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67 (1991). A union's actions are "arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." O'Neill, 499 U.S. at 67 (internal citation omitted). A union's acts are discriminatory if they are "intentional, severe, and unrelated to legitimate union objectives." Amalgamated Ass'n of St. Elec., Ry. & Motor Coach Employees of Am. v. Lockridge, 403 U.S. 274, 301 (1971). Bad faith, which "encompasses fraud, dishonesty, and other intentionally misleading conduct," requires proof that the union acted with "an improper intent, purpose, or motive." Spellacy v.

---

enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or its assets"). Torrence argues that the Postal Reorganization Act should be interpreted to protect union officers and members from liability for any breach of the duty of fair representation based on the established interpretation of identical language in the Labor-Management Relations Act, 29 U.S.C. § 185(b). The Court finds it unnecessary, however, to determine whether the Postal Reorganization Act requires dismissal of the action against Torrence since it finds that Plaintiff has failed to state a claim for a breach of the duty of fair representation against either Torrence or the Union on other grounds.

Airline Pilots Ass'n-Int'l, 156 F.3d 120, 126 (2d Cir. 1998). A plaintiff must also "demonstrate a causal connection between the union's wrongful conduct and their injuries." Id.; Sim v. New York Mailers' Union No. 6, 166 F.3d 465, 472 (2d Cir. 1999) ("[T]he district court was correct in stating that, in addition to proving that the Union acted arbitrarily and in bad faith, plaintiffs must demonstrate that any alleged misconduct had an effect on the outcome . . . .").

The Complaint does not make any allegation or set forth any facts to establish that the conduct of Torrence and/or the Union was arbitrary, discriminatory, or in bad faith. Nor does Bethea cite any injury she suffered as a result of wrongful conduct by Torrence and/or the Union. In fact, the injury cited by Bethea, her removal from employment, was overturned by the May 2008 arbitration decision. Indeed, the Complaint and attendant documents allege that Bethea was issued an Emergency Placement and subsequent Notice of Removal by the Postal Service in 2006, that the Union grieved Bethea's discipline, and that as a result of the Union's grievance, in May 2008, the discipline was overturned by an impartial arbitrator. None

11

of these allegations are sufficient to allege a breach of the duty of fair representation.

Further, the time within which Bethea could have raised such a claim has now expired. A six-month statute of limitations applies to claims for breach of the duty of fair representation. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151 (1993); Gvozdenovic v. United Air Lines, 933 F.2d 1100, 1106 (2d Cir. 1991); Walton v. Marx, No. 93 Civ. 6770 (PLK), 1994 WL 592705, at *4 (S.D.N.Y. 1994) (applying six-month statute of limitations where duty of fair representation claims were raised against union representing postal service employees). Here, the arbitration award was issued on May 23, 2008. Bethea's opportunity to assert a claim for breach of the duty of fair representation arising out of the Union's handling of the grievance procedure leading up to and including the arbitration expired, at the latest, on November 23, 2008.

Finally, the only factual allegation that Bethea makes concerning Torrence in her response to the instant motion is that Torrence "hired" Sherrie Rose Talmadge, who served as the arbitrator for Bethea's discharge arbitration. Bethea has asserted that Talmadge is not an

12

attorney licensed to practice in New York State. However, any allegations that Talmadge was not qualified to arbitrate this dispute does not state a claim for breach of the duty of fair representation as Plaintiff has failed to demonstrate any causal connection between the wrongful conduct and any injury to her as a result. See Spellacy 156 F.3d at 126. Talmadge's May 28, 2008 arbitration decision overturned Bethea's discharge and ultimately returned her to work. Although Bethea is dissatisfied with Talmadge as an arbitrator, she has failed to allege any injury as a result of Talmadge's decision.

**Conclusion**

Based on the foregoing, the motion of Torrence is granted and the Complaint against her is dismissed. Bethea is granted leave to file a First Amended Complaint within 20 days.

It is so ordered.

**New York, N.Y.**
**June  17 , 2009**

ROBERT W. SWEET
U.S.D.J.

13