UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

STEPHANIE BETHEA,

        Plaintiff,        08 Civ. 2789

  -against-                   OPINION

CLARICE TORRENCE,

        Defendant.

------------------------------------------X

A P P E A R A N C E S:

    Pro Se

    STEPHANIE BETHEA
    258 West 117th Street
    Apt. 41-E
    New York, NY 10026

    Attorneys for Defendant

    PITTA & GIBLIN LLP
    120 Broadway, 28th Floor
    New York, NY 10271
    By: Jane Lauer Barker, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/10

**Sweet, D.J.**

Defendant Clarice Torrence ("Defendant" or "Torrence") has filed a motion under Federal Rules of Civil Procedure 12(b)(6) for failure by Plaintiff Stephanie Bethea ("Plaintiff" or "Bethea") to state a claim upon which relief may be granted. For the reasons given below, Defendant's motion is granted.

**Prior Proceedings**

On March 17, 2008, Defendant Clarice Torrence filed a complaint against John Potter, Postmaster General for the New York Metro Area, the United States Postal Service, and Clarice Torrence, President of the New York Metro Area Postal Workers' Union (the "Union"). On January 8, 2009, Torrence moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). This motion was granted on June 18, 2009, and the Court granted Bethea leave to file an amended complaint within 20 days. Bethea filed the amended complaint on July 13, 2009 and served Defendant with an Amended Summons on October 15, 2009. Plaintiff then filed a motion for default judgment on January 12, 2010, which was denied by the Court on January 27, 2010. On February 23, 2010,

1

Defendant Torrence filed the present motion to dismiss. The motion was fully submitted on March 31, 2010.

**Discussion**

Plaintiff is proceeding pro se, and, for that reason, her submissions are held to "less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Courts "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)(internal quotations and citation omitted). However, "pro se status 'does not exempt a party from compliance with the relevant rules of procedural and substantive law.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

Plaintiff has submitted over 500 pages of documents concerning her claims against the United States Postal Service and the Union in various forums stemming from her allegedly wrongful termination in September 2006. According to her brief opposing Defendant's motion to dismiss, "Emergency

2

placement/removal was not a part of the Original Complaint. Ms. Talmadge was a part of the Amended Summons and Complaint." (Pl. Br. Opp. at 11). However, the Court has already addressed Bethea's claims regarding the use of Ms. Talmadge as arbitrator and found that Plaintiff failed to state a viable claim related to this issue. Bethea v. Potter, Slip Copy, 08 Civ. 2789, 2009 WL 1726285, at *3-4 (S.D.N.Y. June 18, 2009). Plaintiff did not establish that Ms. Talmadge's service as arbitrator actually harmed her. Id. at *4. Furthermore, the six month statute of limitations for Plaintiff's fair representation claim had already run. Id.

Having reviewed Plaintiff's amended submissions, the Court finds that Plaintiff has not asserted any new viable grounds for relief against Torrence. Therefore, Plaintiff's Amended Complaint is dismissed for the reasons set forth in the Court's June 18, 2009 opinion dismissing Plaintiff's initial Complaint.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Amended Complaint is granted, and Plaintiff's Amended Complaint is dismissed with prejudice.

It is so ordered.

**New York, NY**
**September 28, 2010**

_____
ROBERT W. SWEET
U.S.D.J.

4